<S>
<S>
<S>
<S>
<S>
<S>
<S>
<S>

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  PATRICIA J. KENNEY (CSBN 130238)
   Assistant United States Attorney
5
   450 Golden Gate Avenue, Box 36055
6  San Francisco, California 94102-3495
   Telephone: 415.436.6857
7  Facsimile:  415.436.6748

E-filing

8  Attorneys for the United States of America

9

10                   UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                                                              EMC
13  UNITED STATES OF AMERICA,    )    No. C 08-  1654
                                 )
14              Plaintiff,       )
                                 )
15        v.                     )    COMPLAINT FOR FORFEITURE
                                 )
16  $49,790 IN UNITED STATES     )
    CURRENCY,                    )
17                               )
                Defendant.       )
18  _____)

19

20                          NATURE OF THE ACTION

21      1.   This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(6),

22  involving the seizure of defendant $49,790 in United States Currency during the execution of a

23  search warrant, on or about October 17, 2007, contained in a Federal Express package, bearing

24  the tracking number 8624 4882 5218, at the Federal Express Facility, 900 Gateway Boulevard,

25  South San Francisco, California.

26                          JURISDICTION AND VENUE

27      2.   This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C.

28  § 881(a)(6).

1     3.    Venue in this Court is proper because defendant $49,790 in United States Currency was seized in the Northern District of California. 28 U.S.C. §§ 1355(b) and 1395.

4.    The intra-district venue is proper in the San Francisco Division within the Northern District of California.

## PARTIES

5.    Plaintiff is the United States of America.

6.    Defendant is $49,790 in United States Currency.

## FACTS

7.    On October 17, 2007 at approximately 6:00 a.m., members of DEA's San Francisco International Airport Narcotics Task Force and a detective from the South San Francisco Police Department were working parcel interdiction at the Federal Express Facility, located at 900 Gateway Boulevard, South San Francisco, California. At approximately 7:10 a.m. on October 17, 2007, Task Force Agent ("TFA") Ron Drake noticed a large white Federal Express parcel taped on all corners and seams bearing tracking number 8624 4882 5218 ("Parcel") which had a handwritten airbill for priority overnight delivery service, and for which the sender had paid $62.93. The sender was listed as Kevin Hope with an address of 1725 N. 54th Street Philadelphia, telephone number 215.207.3528, and the recipient was listed as Deborah BARNES with an address of 350 Sweeny Street, San Francisco, California 94134, telephone number 415.902.3597.

8.    TFA Martin D. Mahon had his certified drug detection canine, "Dugan" examine an area where the Federal Express parcel bearing tracking number 8624 4882 5218 had been placed. At approximately 7:30 a.m., "Dugan" conducted a search of the area, sniffed the parcel bearing 8624 4882 5218 and immediately alerted to it by sitting and staring at the parcel. This was an indication to TFA Mahon that the odor of illegal drugs were emanating from the parcel. TFA Mahon's drug detection canine, "Dugan" is Belgian Malinois, who was certified in drug detection through the Police Officers Standard and Training ("POST") on October 2, 2007. "Dugan" alerts to the odors of heroin, cocaine, marijuana and methamphetamine. "Dugan" has located drugs at least 50 times during training and street deployment.

Complaint for Forfeiture
No. C 08-                                                 2

1  9.  TFA Mahon called the telephone number listed for the sender (215.207.3528), but the telephone number called was inoperable and did not accept any telephone calls. TFA Mahon then called the telephone listed for the recipient (415.902.3597), and a woman answered who identified herself as Deborah BARNES. BARNES confirmed that she was expecting a parcel from Philadelphia, but did not know who sent it to her and did not know the contents of what was being sent. During the conversation, BARNES was asking an unidentified male with her about the parcel. TFA Mahon did not ask any further questions and concluded the telephone call.

10.  TFA Mahon spoke with the Federal Express driver for the route which included the recipient's address, at 350 Sweeny Street in San Francisco. The driver recognized the address for the Parcel and said that the residence received a parcel via Federal Express approximately once a week for an undetermined amount of time.

11.  TFA Mahon obtained a state search warrant for the Federal Express parcel bearing the tracking number 8624 4882 5218 from the Superior Court in San Mateo County which the Honorable Gerald Buckwald issued. A search of the Parcel revealed Styrofoam and a black soft sided notebook. Inside the notebook were two, vacuumed-sealed plastic bags. One of the plastic bags contained two bundles of United States currency, and the other plastic bag contained three bundles of United States currency. The bundles of money were secured by rubber bands. When the United States currency – which later became defendant in this action – was counted, it totaled $49,790 and consisted of bills in the following denominations: 299 x $100 dollar bills; 151 x $50 dollar bills; 567 x $20 dollar bills; and 100 x $10 dollar bills.

12.  TFA Kevin O'Malley informed Officer Vincent Neeson, a narcotics officer with the San Francisco Police Department, of the seizure of defendant $49,790 and the circumstances of the case. Officer Neeson obtained a state scarch warrant for the residence at 350 Sweeney Street, San Francisco, California and Deborah BARNES. When the search warrant was executed at approximately 1:00 p.m., BARNES and Herman KEESE were at the residence. Although no contraband or drugs were located during the search, the San Francisco Police Department Narcotics officers located a receipt from the FBI regarding a large seizure of United States Currency from Herman KEESE.

Complaint for Forfeiture
No. C 08-                                      3

13. On October 18, 2007, TFA Mahon called the number listed on the Parcel for the recipient (415.902.3597) and a female who identified herself as Deborah BARNES answered. BARNES said that the United States currency inside the Parcel belonged to her husband, Herman KEESE and that the United States currency was proceeds from a loan that KEESE had obtained. When questioned further about the United States currency and about the loan, BARNES provided confusing statements and had difficulty answering questions. Because of BARNES's confusing statements, TFA Mahon asked to speak with KEESE.

14. TFA Mahon then spoke with KEESE, who admitted to ownership of defendant $49,790 in the Parcel, but said he believed that the Parcel contained $50,000. KEESE said he owns several properties on the East Coast and obtained a loan based on those properties. KEESE did not provide TFA Mahon with any detailed information about the properties he claimed to own. KEESE claimed to have obtained a $100,000 loan in cash based on one of the properties. KEESE left half of the loan ($50,000) at his mother's residence and kept possession of the remaining $50,000 which KEESE then had his cousin send him by Federal Express. KEESE could not provide any logical explanation as to why he risked sending $50,000 by Federal Express instead of wiring the money or depositing it into a bank from which he could later withdraw it in San Francisco. KEESE denied receiving other packages from Philadelphia or from "Kevin Hope."

15. KEESE said that his cousin's name is "Kevin Hoop," although he spelled Kevin's last name as "Hope." KEESE said Kevin Hope resided at 1148 Wagner Street, Philadelphia, Pennsylvania, and that his telephone number is 215.329.3821, even though the Federal Express parcel which contained defendant $49,790 bore a different address and telephone number for Kevin Hope.

16. KEESE said that he was arrested in 1998 for possession of cocaine, and claimed that he had in his possession two to three kilograms at the time of the arrest. KEESE also gave with hesitation his cell phone number, 415.595.1784.

///

///

Complaint for Forfeiture
No. C 08-                                          4

17.   On October 18, 2007, TFA Mahon called the telephone number (215.329.3821) which KEESE provided for Hope. A female answered the telephone and said that a Kevin Hope did not reside there.

18.   A computer database search revealed that Kevin Hope does not reside at 1725 N. 54th Street in Philadelphia. Further, there was no contact information for telephone 215.329.3821, the number that KEESE provided for Hope. A computer database search showed that Joann Keese resided at 1148 Wagner Avenue in Philadelphia, but not Kevin Hope. Also, Herman KEESE has been identified as residing at 1148 Wagner Avenue. The telephone number (215.329.3821) which KEESE gave for Hope was identified as belonging to a Mohammad Jaber.

19.   On December 31, 2007, KEESE filed a claim of ownership over defendant $49,790 with the Drug Enforcement Administration enclosed with letterhead listing KEESE's address as 350 Sweeney Street, San Francisco, California 94134 and with copies to attorneys David M. Michael and Che L. Hasim.

20.   A computer database search revealed that, in November of 1999, KEESE was found guilty in Hanover Circuit Court in Virginia on felony charges of possession of cocaine with intent to distribute, and transporting cocaine with intent to distribute.

21.   Herman KEESE filed a claim to defendant $80,119 in a recently filed forfeiture action, *United States v. $80,119, $19,490 and $731,* No. 08-CV-301, in the Eastern District of Pennsylvania. In that case, on or about February 28, 2007, law enforcement officers observed: a male carrying a New Balance shopping bag in an area of Philadelphia associated with a high activity of drug trafficking crimes; a 2007 Jeep Liberty stopping in the vicinity of that male and a male later, identified as Herman KEESE, exiting the driver's side of the Jeep and beginning to speak with the male carrying the New Balance shopping bag; and the male handing the New Balance shopping bag to Herman KEESE who placed it inside of the Jeep on the rear seat. *See* Complaint, filed in No. 08-301. During a subsequent traffic stop of that Jeep made because of erratic driving KEESE, the police officer observed the New Balance shopping bag on its side and that United States currency had fallen out of it. *Id.* KEESE told the officer that there was about

///

1  $80,000 in the Jeep. Subsequently, a trained narcotics canine gave a positive indication to the
2  presence of illegal narcotics with respect to all of the currency. *Id.*
3    22.    Herman KEESE was also involved in another forfeiture of a substantial sum in
4  December of 2004 in Pennsylvania. Court records reflect that in the Court of Common Pleas of
5  Cumberland County, Pennsylvania, by Order entered December 24, 2004 in CP-MD-401-2004,
6  forfeited $141,370 which Herman KEESE, Jr., had claimed after defendant currency had been
7  seized from a vehicle following a traffic stop on May 22, 2004. Following the alert of a trained
8  canine to the $141,370, a search warrant for the search of the vehicle was obtained. Defendant
9  currency was forfeited based on the statutory authority contained in 42 Pa.C.S. § 6801(a)(6)(i)(A)
10 which authorized the Commonwealth to forfeit money furnished by any person in exchange for a
11 controlled substance and to forfeit all proceeds traceable to such an exchange.
12    23.    Because of the totality of the circumstances described above – including but not
13 limited to the canine alert, the attempt to conceal defendant $47,790 in United States currency,
14 the packaging of defendant consistent with illegal drug trafficking, the attempt to mask the
15 narcotic odor by the use of vacuum-sealed packaging, the denominations of the bills, the
16 suspicious behavior of BARNES and KEESE, the false and conflicting statements of BARNES
17 and KEESE, the prior involvement of KEESE in other forfeiture actions – defendant $47,790 in
18 United States currency was seized as drug proceeds or as money used to facilitate a drug
19 transaction.
20                                    VIOLATIONS
21    24.    The United States incorporates by reference the allegations in paragraphs one
22 through paragraph 23 as though fully set forth.
23    25.    Section 881(a)(6) of Title 21 of the United States Code, provides for the forfeiture
24 of all money furnished or intended to be furnished by any person in exchange for a controlled
25 substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 2, and all proceeds
26 traceable to such an exchange, and all money used or intended to be used to facilitate any
27 violation of Subchapter I, Chapter 13 of Title 2.
28 ///

Complaint for Forfeiture
No. C 08-                                            6

1  26. In light of the foregoing, defendant $49,790 in United States Currency is subject
2  to seizure and judicial forfeiture.

3      \*   \*   \*   \*   \*

4  WHEREFORE, plaintiff United States of America requests that due process issue to
5  enforce the forfeiture of defendant, that notice be given to all interested parties to appear and
6  show cause why forfeiture should not be decreed, that judgment of forfeiture be entered and that
7  plaintiff be awarded such other relief as may be proper and just.

9  Respectfully submitted,

10  JOSEPH P. RUSSONIELLO
United States Attorney

12  Dated: March 27, 2008

STEPHANIE M. HINDS
13  Assistant United States Attorney

15  Assigned to:
AUSA Kenney

Complaint for Forfeiture
No. C 08-                                7

VERIFICATION

I, Task Force Agent Martin D. Mahon, state as follows:

1. I am a Task Force Agent assigned to the Drug Enforcement Administration Task Force Group #2 at the San Francisco International Airport. I am the case agent in connection with this case, and familiar with the facts, and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained in it to be true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of March, 2008, at the San Francisco International Airport in San Mateo County, California.

MARTIN D. MAHON
Task Force Agent
DEA Task Force Group #2
San Francisco International Airport
Drug Enforcement Administration
United States Department of Justice

Complaint for Forfeiture
No. C 08-                                8