DAVID M. MICHAEL, SBN 74031
Law Offices of David M. Michael
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone:   (415) 946-8996
Facsimile:    (877) 538-6220
E-mail:        dmmp5@aol.com

**Attorney for Claimant**
**HERMAN KEESE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$49,790.00  IN UNITED STATES CURRENCY,

    Defendant.
_____/

HERMAN KEESE,

    Claimant.
_____/

No. CV 08 1654 EMC

**ANSWER OF HERMAN KEESE TO GOVERNMENT'S COMPLAINT FOR FORFEITURE IN REM; DEMAND FOR TRIAL BY JURY**

    Claimant HERMAN KEESE hereby answers the allegations in the Government's Forfeiture Complaint In Rem as follows:

    1. In response to the allegations contained in paragraph 1 of the Complaint, claimant admits that the defendant currency was seized by law enforcement officers on 17 October 2007. In response to the remaining allegations in paragraph 1 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

-1-

-2-

1   2. In response to the allegations contained in paragraph 2 of the Complaint, claimant
2  lacks sufficient information to form a belief as to the truth of the allegations contained therein,
3  and, on those grounds, denies each and every allegation contained therein.
4   3. In response to the allegations contained in paragraph 3 of the Complaint, claimant
5  lacks sufficient information to form a belief as to the truth of the allegations contained therein,
6  and, on those grounds, denies each and every allegation contained therein.
7   4. In response to the allegations contained in paragraph 4 of the Complaint, claimant
8  lacks sufficient information to form a belief as to the truth of the allegations contained therein,
9  and, on those grounds, denies each and every allegation contained therein.
10   5.  In response to the allegations contained in paragraphs 5 and 6 of the Complaint,
11  claimant admits the allegations contained therein.
12   6. In response to the allegations contained in paragraph 7 of the Complaint, claimant
13  lacks sufficient information to form a belief as to the truth of the allegations contained therein,
14  and, on those grounds, denies each and every allegation contained therein.
15   7. In response to the allegations contained in paragraph 8 of the Complaint, claimant
16  lacks sufficient information to form a belief as to the truth of the allegations contained therein,
17  and, on those grounds, denies each and every allegation contained therein.
18   8. In response to the allegations contained in paragraph 9 of the Complaint, claimant
19  lacks sufficient information to form a belief as to the truth of the allegations contained therein,
20  and, on those grounds, denies each and every allegation contained therein.
21   9. In response to the allegations contained in paragraph 10 of the Complaint, claimant
22  lacks sufficient information to form a belief as to the truth of the allegations contained therein,
23  and, on those grounds, denies each and every allegation contained therein.
24   10. In response to the allegations contained in paragraph 11 of the Complaint, claimant
25  admits that the seized currency was in various denominations.  In regards to the remaining
26  allegations contained in paragraph 11 of the Complaint, claimant lacks sufficient information to
27  form a belief as to the truth of the allegations contained therein, and, on those grounds, denies
28  each and every allegation contained therein.

11. In response to the allegations contained in paragraph 12 of the Complaint, claimant admits that he was in San Francisco, California on 17 October 2007, that law enforcement officers entered a residence on that date, and that claimant was in said residence, and that no drugs or contraband were located at that residence. In response to the remaining allegations in paragraphs 12 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

12. In response to the allegations contained in paragraph 13 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

13. In response to the allegations contained in paragraphs 14 through 16 of the Complaint, claimant admits that he spoke with a law enforcement officer by telephone on 18 October 2007, and that claimant claimed ownership of defendant currency. In response to the remaining allegations in paragraphs 14 through 16 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

14. In response to the allegations contained in paragraph 17 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

15. In response to the allegations contained in paragraph 18 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

16. In response to the allegations contained in paragraph 19 of the Complaint, claimant admits the allegations contained therein.

17. In response to the allegations contained in paragraph 20 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

18. In response to the allegations contained in paragraph 21 of the Complaint, claimant admits that he filed a claim in an ongoing civil forfeiture action in the Eastern District of Pennsylvania, *United States v. $80,119, $19,490, and $731 in U.S. Currency*, Case No 08-CV-301. In regards to the remaining allegations in paragraph 21 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

19. In response to the allegations contained in paragraph 22 of the Complaint, claimant admits that he filed a claim in a forfeiture action regarding currency seized in 2004 in Pennsylvania. In regards to the remaining allegations in paragraph 22 of the Complaint, claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and, on those grounds, denies each and every allegation contained therein.

20. In response to the allegations contained in paragraph 23 of the Complaint, claimant denies each and every allegation contained therein.

21. In response to the allegations contained in paragraph 24 of the Complaint, claimant incorporates his responses to the allegations in paragraphs 1-20, as though fully set forth herein.

22. In response to the allegations contained in paragraphs 25 of the Complaint, claimant admits the allegations contained therein.

23. In response to the allegations contained in paragraph 26 of the Complaint, claimant denies each and every allegation contained therein.

In addition, claimant raises the following numbered defenses to the government's forfeiture complaint:

FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint on file herein, claimant alleges that said Complaint does not state facts sufficient to state a claim for forfeiture of defendant property.

//
//

SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that plaintiff lacked any probable cause for either the institution of this forfeiture suit, the seizure of defendant property or the forfeiture of defendant property.

THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the seizure and arrest of the property claimed to be subject to forfeiture by plaintiff was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution. Consequently, all of the evidence seized and the fruits thereof must be suppressed.

FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the interdiction and dog sniff, search warrant, and subsequent search of the Federal Express package located on 17 October 2007 at the Federal Express facility in South San Francisco, CA, by law enforcement officers, which interdiction and search led to the seizure of defendant property was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution. Consequently, all the evidence seized, and the fruits thereof, including any statements made by claimant or any other person, must be suppressed

FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the search warrant for, and subsequent search of, the residence at 350 Sweeny Street, San Francisco, CA, by law enforcement officers, were obtained and made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of

the United States Constitution. Consequently, all the evidence seized, and the fruits thereof, including any statements made by claimant or any other person, must be suppressed

### SIXTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that this court lacks jurisdiction over the subject matter of plaintiff's complaint and defendant property.

### SEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the defendant property was derived from legitimate activities and thus, claimant has an innocent possessory and/or ownership interest in said property.

### EIGHTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that pursuant to the Due Process Clause of the United Sates Constitution and plaintiff's statutory obligation to initiate this action promptly from the time of discovery of any facts giving rise to the government's claim, plaintiff is barred from bringing this forfeiture action by its unnecessary delay.

### NINTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that it would result in the taking of property without due process of law, and without just compensation, in violation of the Fifth Amendment to the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to a cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that claimant was denied notice and opportunity to be heard prior to the seizure of defendant property or the initiation of this forfeiture action, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the seizure and arrest of the property claimed to be subject to forfeiture was made in violation of the Fourth Amendment to the Constitution and the Right to Financial Privacy Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that the seizure and arrest of the property claimed to be subject to forfeiture was made in violation of Article I, Section 1 and Section 8, Clause 18, of the United States Constitution, being founded upon an unlawful delegation of legislative power.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, claimant alleges that 21 U.S.C. § 881 is unconstitutional and unenforceable, in that it constitutes a denial of claimant's due process and equal protection rights under the United States Constitution.

PLEASE TAKE NOTICE THAT CLAIMANT DEMANDS TRIAL BY JURY OF THE ISSUES AND DEFENSES RAISED BY HIS CLAIM AND ANSWER.

1   WHEREFORE, claimant HERMAN KEESE prays that this Court will:

2   1.   Dismiss plaintiff's Complaint and enter a judgment on behalf of claimant.

3   2.   Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from claimant's possession, actual or constructive, be suppressed as evidence in this and any other proceeding..

3.   Order that all of defendant property be released and surrendered to claimant forthwith.

4.   Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney fees to claimant.

5.   Provide such other and further relief as this court deems proper and just.

Dated: 4 May 2008

Respectfully submitted,

S/DAVID M. MICHAEL_____
DAVID M. MICHAEL
Attorney for Claimant HERMAN KEESE

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 4 May 2008, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

AUSA PATRICIA J. KENNEY
Office of the United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

S/DAVID M. MICHAEL_____
DAVID M. MICHAE
Attorney for Claimant HERMAN KEESE